UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.                                                      Case No. 2:25-CR-232-KCD-KRH

MICHAEL LAWRENCE MILEWSKI
_____/

## SENTENCING MEMORANDUM AND
## REQUEST FOR A VARIANCE

COMES NOW, the Defendant, MICHAEL LAWRENCE MILEWSKI, by

and through undersigned counsel and pursuant to 18 U.S.C. § 3553(a) and hereby

files this sentencing memorandum in support of a reasonable sentence which is not

greater than necessary to comply with the purposes of sentencing enumerated in 18

U.S.C. § 3553(a)(2).  As grounds in support of this motion, Mr. Milewski shows as

follows:

### FACTUAL AND PROCEDURAL HISTORY

**I.      History of the Case**

Mr. Milewski is charged in the instant case with Counts 1- 2) Coercion and

Enticement of Minor to Engage in Sexual Activity, in violation of 18 U.S.C.

§2422(b), Count 3) Receipt of Child Pornography in violation of 18 U.S.C. §§

2252(a)(2) and (b)(1), Count 4) Possession of Child Pornography, in violation of 18

U.S. C. §§ 2252(a)(4)(B) and (b)(2), and Count 5) Transfer of Obscene Matter to a

Minor, in violation of 18 U.S.C. § 1470.  Doc. 1.  Mr. Milewski was indicted in October 2025, and the government timely provided discovery.  On April 30, 2026, Mr. Milewski pleaded guilty to Counts One through Five, without a written plea agreement, before the Hon. Timothy R. Rice.  This Court accepted his guilty plea and adjudicated him guilty on May 1, 2026.  Sentencing is set before this Court for August 6, 2026, at 9:30 a.m.

## II.   **Background**

**Personal History and Characteristics**

Mr. Michael Milewski was raised in a close-knit and supportive family that continues to stand behind him despite the profound disappointment surrounding this offense. His mother, who has worked as a cafeteria employee at an elementary school for many years, provided a stable and loving presence throughout his childhood. Mr. Milewski describes his relationship with both of his parents as consistently strong, noting that they have remained supportive while also expressing the heartbreak they experienced upon learning of his criminal conduct. Their reaction reflects not a family that condoned his behavior, but one devastated by it and committed to helping him rebuild his life.

Mr. Milewski likewise maintains a positive relationship with his younger brother, Alexander, who proudly serves in the United States Air Force and is

currently stationed in Japan. Although incarceration has limited their communication, his brother has continued to encourage him and hopes for his successful rehabilitation. These enduring family relationships provide Mr. Milewski with a meaningful support system and a stable foundation for his eventual reentry into the community.

Before his arrest, Mr. Milewski lived independently in Fort Myers and supported himself through steady employment. Upon his release, he hopes to return to his parents' home, where he will have the benefit of structure, accountability, and family support. A stable residence and committed family significantly reduce the likelihood of recidivism and enhance his prospects for successful reintegration.

**Mental Health**

Perhaps the most significant factor contributing to Mr. Milewski's personal decline before this offense was his deteriorating mental health. After the collapse of a long-term relationship and a broken engagement, he experienced severe anxiety and depression that progressively worsened throughout 2024. He described feelings of overwhelming guilt, panic, sadness, and worthlessness, frequently crying at night and struggling to cope with the emotional upheaval in his life. Wanting to address these issues, he sought professional treatment, obtained counseling, and attempted

3

antidepressant medication. Unfortunately, the medication increased his anxiety, leading him to discontinue it.

Since entering federal custody, Mr. Milewski has been formally diagnosed with anxiety and depression and now receives medication, including Buspar and Lexapro, to manage those conditions. Importantly, he has expressed a sincere desire to continue mental health treatment while incarcerated and after his release. His willingness to engage in treatment demonstrates both insight into his struggles and a commitment to addressing the issues that contributed to his poor decision-making.

**Educational Challenges**

Mr. Milewski's educational history reflects persistent learning difficulties rather than a lack of ability or potential. Diagnosed with attention deficit hyperactivity disorder (ADHD) and learning disabilities during elementary school, he struggled academically despite receiving tutoring and special education services. He recalls feeling isolated, believing that success was beyond his reach, and often falling behind his classmates. Ultimately, these challenges contributed to his withdrawal from traditional high school before he later demonstrated perseverance by earning his GED.

Rather than allowing those setbacks to define him, Mr. Milewski pursued vocational training, successfully completing barber school and obtaining a Florida

4

barber license in 2015. While incarcerated, he has expressed a desire to participate in any educational or vocational programming available through the Bureau of Prisons, demonstrating his commitment to self-improvement and rehabilitation.

**Employment History**

For approximately a decade before his arrest, Mr. Milewski maintained steady employment as a licensed barber. He earned approximately $75,000 annually, and his employment history was verified by both his employer and his parents. His long-term work history demonstrates that he possesses valuable vocational skills and the ability to be a productive, law-abiding member of society. Unlike many defendants who appear before the Court, Mr. Milewski has established a consistent history of legitimate employment, giving the Court reason to believe that he has both the skills and opportunity to return to lawful work upon release.

**REQUEST FOR A REASONABLE SENTENCE**

Mr. Milewski respectfully requests this Court impose a below-guideline sentence as "sufficient but not greater than necessary" to accomplish the purposes of sentencing.  The Sentencing Guidelines are now, of course, advisory. *United States v. Booker*, 543 U.S. 220 (2005).  Thus, although the recommended guideline range must be considered, this Court "shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of [§

5

3553(a)]." Those purposes set forth in paragraph 2 are: "the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2).

In making this determination, this Court must consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the guideline range and any comments thereto, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to any victims. 18 U.S.C. § 3553(a).

I.     **Factors Warranting a Sentence Outside the Advisory Guideline Range**

A.     **The Nature and Circumstances of the Offense and the History and Characteristics of Mr. Milewski [18 U.S.C. § 3553(a)(1)]**

The history and characteristics of Mr. Milewski, as well as the facts and circumstances of his case would justify a variance. Mr. Milewski is 32 years old – a sentence substantially less than what is recommended by the guidelines, would constitute a "reasonable sentence" and would not be an abuse of this Court's sentencing discretion.

The facts of this case are set forth in the PSR.  Mr. Milewski does not dispute the facts. Mr. Milewski acknowledges his conduct was reprehensible and devastating to the young girls and their families.  He struggles to understand his behavior and how it progressed, he is relieved that he was stopped and that he no longer has the burden of hiding his destructive behavior.

The facts in this case carry numerous guideline enhancements that seriously increase Mr. Milewski's advisory guideline calculation.  Regarding the use of a computer, the 2-level enhancement does not suggest this case is more serious simply because a computer was used.  Rather, it reflects the communication occurred through the ordinary modern channel of interaction as used today.  As such, use of a computer is somewhat inherent in the charge, and less weight should be given to the enhancement. Additionally, the two-level enhancement based on grouping, inflates the advisory guideline calculation.  Although it accounts for different conduct and victims, the conduct here falls into one larger ongoing occurrence. Each charge is a natural progression.  Example: defendant *entices a minor* online to send CSAM (in most occurrences, a "selfie" of the minor), once *received,* the defendant now *possesses child pornography* – each step of the overall conduct produces a different criminal offense.  In most instances, one cannot be done without the other.

Aside from these crimes, Mr. Milewski is good person.  His parents describe him as "funny, kind and truly cares for others," and he has the support of family and friends.  *See* Docs. 48, 51.  Mr. Milewski does not have a criminal history, and although he consciously disregarded the age of the victims, he stated "that he never intended to harm anyone and recognized that his conduct was wrong."  *See* Report by Rena Essrog, LCSW. Mr. Milewski is extremely remorseful for his conduct and regrets his actions. Given the unique characteristics of Mr. Milewski, a sentence below the recommended guideline range would be justified.

**B.      To Afford Adequate Deterrence and to Protect the Public from Further Crimes by Mr. Milewski [18 U.S.C. § 3553(a)(2)(B) & (C)]**

Mr. Milewski asks this Court to consider his request for a sentence substantially below the recommended advisory guideline range, as sufficient to afford adequate deterrence and further protect the community from further crimes of Mr. Milewski.  The goal of deterrence can be met in this case with a non-guideline sentence.  Mr. Milewski knows he must be punished for his wrongs and is already thinking of ways to better himself when released. Research has consistently shown that while the certainty of being caught and punished has a deterrent effect, the increase in punishment does very little to deter an individual.  *See Deterrence in Criminal Justice, Evaluating Certainty vs. Severity of Punishment,* Valerie Wright, Ph.D., (Nov. 2010).

8

Over the years, numerous surveys and studies examined the recidivism rate among sex offenders. These studies have different ways of measuring recidivism rates and therefore produce substantially different results. In 2004, one study found "that most sex offenders did not repeat sex offenses, that first-time sex offenders were significantly less likely to repeat sex offenses than those with previous convictions for sex offenses, and that offenders over the age of 50 were less likely to reoffend than younger offenders." *See https://www.ojp.gov/ncjrs/virtual-library/abstracts/sex-offender-recidivism-simple-question.*

In this case, Mr. Milewski's lack of criminal history and family support lower his risk of recidivism. Additionally, his own insight into the crime and his extreme remorse, support a higher probability of rehabilitation. Mr. Milewski knew his conduct was wrong. Prior to this offense, he struggled with issues involving his compulsivity and desire to be needed. On his own, he sought treatment for his compulsive behavior and overwhelming need to feel acceptance and validation. *See* Report by Rena Essrog, LCSW. When he stopped counseling, he spiraled out of control and as a result is his before this Court facing a significant sentence.

The need to protect the public from further crimes of Mr. Milewski is a practical concern, and a sentence below the guidelines would still address that concern. The goal of protecting the public is met with a non-guideline sentence

9

where other rehabilitative measures are taken, and correctional treatment (psychiatric counseling) is given in the most effective manner.

A below-guideline sentence will incapacitate Mr. Milewski well into his late 40's and provide him with the structure and treatment he critically needs.

### C. To Reflect the Seriousness of the Offense, to Promote Respect for the Law, and to Provide Just Punishment for the Offense [18 U.S.C. §3553(a)(2)(A)]

A below-guideline prison term is still significant and will certainly reflect the seriousness of the offense, promote respect for the law, and provide sufficient punishment for the offense. Clearly, it is important for this Court to impose a sentence that reflects the seriousness of a child pornography enticement offense. In this offense, Mr. Milewski preyed upon the vulnerable and failed to appreciate the harm caused. As noted from the 2026 Psychological Assessment, Mr. Milewski's "low self-esteem, sex addiction and impulsivity related to his ADHD contributed to his poor judgment and inappropriate behavior." That does not excuse his behavior. However, a long term of incarceration for individuals without a prior prison sentence has a greater impact on individuals like Mr. Milewski and promotes respect for the law.

After his prison term, Mr. Milewski's sentence would be followed by a long term of intensive sex offender supervised release. As part of his supervised release,

10

he will also be prohibited from possessing a computer; he will be in sex offender treatment; he will have no access to the internet; and he will be subject to all the stringent Adam Walsh Act sex offender registration requirements.  As such, a below-guideline sentence followed by sex offender supervised release also reflects the seriousness of the offense and will be sufficient but not greater than necessary to punish him and to protect the public.

## CONCLUSION

The requested variance does not ask the Court to ignore Mr. Milewski's conduct or the advisory guidelines. However, looking at the totality of his conduct, a sentence at the minimum guideline range (30 years) is greater than necessary when applying the sentencing factors specifically to Mr. Milewski. A variance is warranted, necessary and justified in this case.

Mr. Milewski accepted responsibility for his actions, acknowledged that his behavior was wrong, and has already taken significant steps to help understand and change his behavior.  Mr. Milewski needs long term therapy and treatment - not only from a sex offender standpoint, but for the psychiatric defect that led to such behavior.

WHEREFORE, the Defendant, MICHAEL LAWRENCE MILEWSKI, respectfully moves this Court based upon consideration of the factors enumerated in

18 U.S.C. §3553(a) to impose a sentence substantially less than what is currently called for by his advisory guideline imprisonment range.

Charles L. Pritchard, Jr.
Federal Public Defender
Middle District of Florida

By: /s/ Yvette C. Gray
Yvette C. Gray
Assistant Federal Defender
Arizona Bar No. 016516
2075 West First Street, Suite 300
Fort Myers, FL 33901
Telephone No. 239-334-0397
Facsímile No. 239-334-4109
E-Mail: Yvette_gray@fd.org

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 30th day of July 2026 the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will electronically send notice to all counsel of record.

/s/ Yvette C. Gray
Yvette C. Gray
Assistant Federal Defender

12